# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No.  04CR1962-L |
| Plaintiff, ) | |
| ) | **ORDER** |
| vs. ) | |
| ) | [Docket No. 34-1; 34-2; 34-3; and 34-4] |
| JUAN PEDRO BARRAZA-LOPEZ, ) | |
| Defendant. ) | |

Defendant has filed several motions to dismiss the charges against him, alleging his right to a speedy trial has been violated. For the reasons set forth below, the Court denies Defendant's motions.

**I.   Background**

Utilizing both the Clerk's Office docket entries and the information provided in the parties submissions, the Court has established the following time-line of pertinent events in this case:

| | |
|---|---|
| 7/2/2004 | Defendant was arrested and charged with being a deported alien found in the United States, in violation of 8 U.S.C. § 1326. |
| 7/4/2004 | Defendant escaped from custody. |
| 7/20/2004 | The Grand Jury returned an indictment against Defendant charging him with one count of being a deported alien found in the United |

1

| | | |
|---|---|---|
| | | States in violation of 8 U.S.C. § 1326 and one count of escape, in violation of 18 U.S.C. § 751(a). An arrest warrant was issued for Defendant. |
| | 9/6/2006 | Defendant was convicted in Mexico for carrying a prohibited weapon and was sentenced to 10 months in a Mexican prison. |
| | 6/1/2007 | Defendant re-entered the United States. |
| | 6/7/2007 | Defendant was arrested by the Chula Vista Police. Following his arrest, Immigration and Customs Enforcement (ICE) lodged a detainer on Defendant and requested to be notified at least 30 days prior to Defendant's release from state custody, |
| | 12/4/2007 | Defendant was convicted in the San Diego Superior Court for Possession of a Firearm with a Prior Violation. He was sentenced to 2 years in state prison. |
| | 7/21/2008 | Border Patrol was alerted of Defendant's anticipated release from state custody on November 12, 2008. |
| | 11/12/2008 | Border Patrol Agents arrived at Centinela State Prison and took custody of Defendant. |
| | 11/13/2008 | A Complaint was filed in case number 08MJ3525-NLS, charging Defendant with being a deported alien found in the United States in violation of 8 U.S.C. § 1326(a) and (b). The complaint alleged a "found in" date of November 12, 2008. However, at the November 13, 2008 arraignment, Defendant was arraigned on the outstanding Indictment. The Magistrate Judge granted the Government's motion to dismiss the Complaint in 08MJ3525-NLS without prejudice. |
| | 12/15/2008 | The Court granted Defendant's request for a continuance of the motion hearing/trial setting. |
| | 1/26/2009 | The Court granted Defendant's request for a continuance of the motion hearing/trial setting. |

| | | |
|---|---|---|
| 3/2/2009 | | The Court granted Defendant's request for a continuance of the motion hearing/trial setting. |
| 3/16/2009 | | The Court granted Defendant's request for a continuance of the motion hearing/trial setting. |
| 3/18/2009 | | The Government superceded the original indictment to conform the original charges with intervening changes in the law. |
| 4/20/2009 | | The Court granted Defendant's request for a continuance of the Status Conference. |
| 5/26/2009 | | The Court granted Defendant's request for a continuance of the Status Conference. |
| 6/15/2009 | | The Court denied Defendant's seventh request for a continuance and set the case for trial. |
| 9/16/2009 | | The Government obtained a Second Superceding Indictment, charging Defendant with an additional count of being a deported alien found in the United States in violation of 8 U.S.C. § 1326(a) and (b). The indictment alleged a "found in" date of June 7, 2007. |
| 10/22/2009 | | Defendant alleged his speedy trial rights were violated for the first time. |
| 11/2/2009 | | The Court granted Defendant's request for a continuance of the motion in limine hearing and trial. |

**II. Analysis**

    A.    <u>Defendant's Motion to Dismiss the Indictment for Violation of Sixth Amendment Right to a Speedy Trial</u>

The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." U.S. Const. amend. VI. A defendant's Sixth Amendment right to a speedy trial attaches when he is indicted. *United States v. Mills*, 810 F.2d 907, 909 (9th Cir. 1987). To determine whether post-indictment delay violates a defendant's speedy trial rights under the Sixth Amendment, the court weighs

the following four factors: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his rights; and (4) prejudice to the defendant. *Barker v. Wingo*, 407 U.S. 514, 530 (1972); *Doggett v. United States*, 505 U.S. 647 (1992).

        1.    *The Length of the Delay*

The length of the delay is a threshold issue. *Barker,* 407 U.S. at 530. Delay is measured from "the time of the indictment to the time of trial." *United States v. Sears, Roebuck & Co.*, 877 F.2d 734, 739 (9th Cir. 1989). "Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance." *Barker,* 407 U.S. at 530. Generally, delays approaching one year are considered presumptively prejudicial. *Id.; United States v. Gregory*, 322 F.3d 1157, 1161-62 (9th Cir. 2003). Here, Defendant was first indicted on July 20, 2004. Trial is currently set to begin on February 2, 2010. The Court finds the delay of over five years creates a presumption of prejudice and justifies further inquiry.

        2.    *The Reason for the Delay*

Once an indictment has been returned against the accused, "the government has a constitutional duty to make a diligent, good faith effort to locate, apprehend and bring him to trial." *United States v. Packer*, 857 F.Supp. 726, 729 (C.D. Cal. 1994); *Smith v. Hooey*, 393 U.S. 374 (1969). The court looks to the reason for the post-indictment delay to determine if the government has complied with this duty. "The reason for the delay is the focal inquiry." *Sears*, 877 F.2d at 739. The less at fault the government is for the delay, the more likely the delay was justified. *See Barker*, 407 U.S. at 531.

In analyzing the reason for the delay in this case, the Court will separate the total delay into smaller periods and address each separately.

        a.    *July 20, 2004 to June 7, 2007 (2 Years, 10 Months, 18 Days)*

It is undisputed that from July 20, 2004 until June 7, 2007 Defendant was a fugitive. In *United States v. Sandoval*, the Ninth Circuit explained "when the defendant seeks to avoid detection by American authorities and any post indictment delay can be attributed to him, he waives the right to a speedy trial." *United States v. Sandoval*, 990

F.2d 481, 483 (9th Cir. 1993). While the Government has "some obligation . . . to find a fugitive defendant and bring him to trial . . . There is no requirement that law enforcement officials 'make heroic efforts to apprehend a defendant who is purposefully avoiding apprehension.'" *Id.* at 485 (citing *Rayburn v. Scully*, 858 F.2d 84, 90 (2d Cir. 1988).

In *Sandoval*, the defendant was arrested for selling narcotics and was indicted. Prior to his arraignment he skipped bail and became a fugitive to avoid prosecution. The defendant remained at large for nearly 21 years. During that time, the government learned the defendant was incarcerated in Mexico and that he had no intention to return to the United States. The Ninth Circuit held the defendant's right to a speedy trial had not been violated. The Court further held the government's periodic inquires about the defendant's whereabouts in Mexico, together with the outstanding warrant for his arrest, satisfied the Government's obligations to find the defendant. *Id.*

Here, Defendant escaped from custody and fled to Mexico to avoid prosecution. The Court finds the delay from July 20, 2004 to June 7, 2007 was caused by Defendant and therefore he has waived his right to a speedy trial as to that period of time. The Court further finds the Government satisfied its obligation to locate Defendant and bring him to trial. After Defendant escaped, agents searched the area and put out a bulletin to local and federal law enforcement, went to Defendant's mother's house to inquire about his whereabouts, and obtained a warrant for his arrest.

The Court rejects Defendant's claim that the Government failed to meet its obligation to bring him to trial because it did not extradite him from Mexico. Even assuming the Government was aware that Defendant was in prison in Mexico, escape is not an extraditable offense. *See* Extradition Treaty, U.S.-Mex., May 4, 1978, 31 U.S.T. 5059, T.I.A.S. No. 9656. Furthermore, according to the Government it "is not aware of any instance where the Mexican government has consented to, nor where the Government has even sought, extradition of a Mexican national from Mexico on a § 1326 charge." The Government is not required to pursue extradition where it has a good faith belief that doing so would be futile. *United States v. Corona-Verbera*, 509 F.3d 1105, 1114 (9th Cir. 2007).

The Court finds the delay due to Defendant's fugitive status was attributable to him and does not weigh against the Government.

       b.  *June 7, 2007 to December 4, 2007 (5 Months, 27 Days)*

 The delay between Defendant's arrest by the Chula Vista Police on June 7, 2009 and his conviction on December 4, 2007, was due to the state's prosecution of him for Possession of a Firearm with a Prior Violation. Although the Government was aware Defendant was in state custody beginning on June 7, 2007, it would have been reasonable for the Government to wait for the state to resolve it's case against Defendant. *See e.g. Packer*, 857 F.Supp. at 732-33 (describing the federal government's decision to allow the state an opportunity to proceed with state charges "non-negligent" and "reasonable").

Accordingly, the Court finds the delay during the resolution of Defendant's state case was justified and does not weigh against the Government.

       c.  *December 4, 2007 to November 12, 2008 (11 Months, 8 Days)*

From December 4, 2007 to November 12, 2008, Defendant was serving his state sentence at Centinela State Prison in Imperial, California. Defendant argues the Government failed to meets its obligation to bring him to trial during that period because it did not attempt to bring him into federal custody. The Government does not respond to Defendant's argument.

Where a defendant is serving a sentence in a different jurisdiction, the government has an obligation to bring him to trial on pending charges. It cannot simply wait until the completion of the other sentence. *See Smith v. Hooey*, 393 U.S. 374, 377 (1969); *United States v. Geelan*, 520 F.2d 585, 588 (9th Cir. 1975) ("The duty owed to a state or federal defendant is not less because he is in the custody of another jurisdiction"). *See also United States v. Driver*, 462 F.2d 808, 810 n.1 (5th Cir. 1972) ("[T]he fact that one sovereign authority has custody of a defendant does not obviate the requirement that another sovereign authority seek a speedy trial of the defendant on an offense to its own laws.").

When Defendant was arrested by the Chula Vista police in 2007, Immigration and Customs Enforcement (ICE) lodged a detainer on him and requested to be notified at least

30 days prior to his release from state custody. It does not appear from the record that the Government made any other attempt to bring Defendant into federal custody to face his federal charges, despite the fact that an indictment had been returned against him and there was an outstanding warrant for his arrest. Instead, the Government waited until the day Defendant was to be released from state custody to take him into federal custody. The Government offers no justification for its delay. The lack of justification suggests negligence. *See e.g. United States v. Packer*, 857 F.Supp. 726, 729 (C.D. Cal. 1994) (finding government was negligent where it never asked state authorities to transfer custody of defendant for his federal prosecution). "Although given less weight than deliberate misconduct, [negligence] 'nevertheless should be considered since the ultimate responsibility for such circumstances must rest with the government rather than with the defendant.'" *United States v. Graham*, 538 F.2d 261, 264 (9th Cir. 1976) (citing *Barker*, 407 U.S. at 531).

The Court finds the delay in bringing Defendant into federal custody from December 4, 2007 to November 12, 2008 is attributable to the Government and therefore, weighs against the Government.

          d.    *November 13, 2008 to Present (1 Year and 1 month)*

The Court finds that there is no speedy trial violation regarding any post-arraignment delay. Since Defendant's arraignment on November 13, 2008, he has sought and received eight continuances. He has also filed multiple motions tolling the Speedy Trial clock. The Court finds the delay during this period of time is properly excluded under the Speedy Trial Act. 18 U.S.C. § 3161(h). Therefore, it is justified and does not weigh against the Government.

          e.    *Summary*

In sum, the Court finds that the majority of the delay in this case – over four years – is attributable to Defendant or was justified by valid reasons. However, eleven months of the delay was due to the Government's negligence. This weighs against the Government, but not heavily. *Graham*, 538 F.2d at 266 (stating negligent conduct by the government

"is not to be weighed as heavily as deliberate delay").  Overall, the Court finds the reason for the post-indictment delay weighs in favor of the Government.

3. *Defendant's Assertion of His Right to a Speedy Trial*

Defendant did not formally assert his speedy trial right until after he had requested seven continuances and delayed his trial for nearly a year.  Therefore, the Court finds this is a neutral factor in this case.  *See United States v. Corona-Verbera*, 509 F.3d 1105, 1116 (9th Cir. 2007) ("Because [defendant] asserted his speedy trial right only after requesting numerous continuances, we find this factor weighs neither in favor of dismissal nor in favor of the government."); *United States v. Mendoza*, 530 F.3d 758, 764 (9th Cir. 2008) (holding "this factor does not weigh in favor of [defendant] nor in favor of the government" where the defendant "did not assert his right to a speedy trial until after he made numerous requests for continuances and delayed the trial date by over a year").

4. *Prejudice to the Defendant*

The Supreme Court has identified three interests the speedy trial right was designed to protect and which may be prejudiced by an excessive delay.  They are: (1) preventing oppressive pretrial incarceration; (2) minimizing anxiety and concern; and (3) limiting the possibility that delay will impair the defense.  *Barker*, 407 U.S. 532.  "Of these, the most serious is the last, because the inability of a defendant adequately to prepare his case skews the fairness of the entire system."  *Id.*

Defendant does not argue that he has suffered prejudice relating to the first or second interests.[1]  Therefore, the only interest implicated in this case is the possibility that the delay will impair the defense.  Defendant contends his defense has been prejudiced

---

[1] Defendant cannot claim any oppressive pretrial incarceration because he was incarcerated in Mexico and in California state prison during most of the period of delay about which he complains.  *Packer*, 857 F.Supp. at 733 (finding defendant could not establish prejudice under first prong because "regardless of the federal charges-[defendant] would have been incarcerated by the state").  Similarly, any anxiety or concern during the pre-arraignment delay would have stemmed from his Mexican and state incarceration, rather than the pending federal charges.

8

because the evidence is stale, the facility he escaped from has undergone significant changes, the witnesses will have failed memory, some witnesses may have been deported or become unavailable, and the agents' written reports may have been lost, destroyed, or misplaced. These are valid concerns. *See e.g. Barker*, 407 U.S. at 532. However, given that Defendant is responsible for the majority of the delay, any prejudice growing from that delay should not be weighed in his favor. *Id.* at 536 ("[B]arring extraordinary circumstances, we would be reluctant indeed to rule that a defendant was denied this constitutional [speedy trial] right on a record that strongly indicates . . . that the defendant did not want a speedy trial.").

After balancing the *Barker* factors, the Court finds dismissal is not warranted. Accordingly, Defendant's motion to dismiss for violation of his Sixth Amendment right to a speedy trial is **DENIED**.

  B. <u>Defendant's Motion to Dismiss Count Three of the Second Superceding Indictment for Violation of the Speedy Trial Act</u>

Defendant moves to dismiss Count Three of the Second Superceding Indictment on grounds that he was not indicted on the count within 30 days of his arrest. The Speedy Trial Act provides that "[a]ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection such charges." 18 U.S.C. § 3161(b). The sanction for failure to file an information or indictment within the prescribed time limit is dismissal of the complaint. § 3161(a)(1). Section 3161(d)(1) of the Act provides:

> If any indictment or information is dismissed upon motion of the defendant, or any charge contained in a complaint filed against an individual is dismissed or otherwise dropped, and thereafter a complaint is filed against such defendant or individual charging him with the same offense or an offense based on the same conduct or arising from the same criminal episode, or an information or indictment is filed charging such defendant

with the same offense or an offense based on the same conduct or arising from the same criminal episode, the provisions of subsections (b) and (c) of this section shall be applicable with respect to such subsequent complaint, indictment, or information, as the case may be.

18 U.S.C. § 3161(d)(1).

Here, a complaint was filed against Defendant in 08MJ3525-NLS on November 13, 2008 charging him with being a deported alien found in the United States with a "found in" date of November 12, 2008. However, the Government moved to dismiss the complaint on the same day it was filed because of the outstanding July 20, 2004 Indictment charging Defendant with the same offense.[2] The magistrate granted the dismissal without prejudice. Approximately 10 months later, the Second Superceding Indictment was filed, charging Defendant with an additional count of being a deported alien found in the United States, with a "found in" date of July 7, 2007.[3]

Defendant argues that the Government is not allowed to dismiss the complaint, then bring the charge again after the 30 day period has expired. The Government counters that the dismissal of the complaint without prejudice expressly afforded it an opportunity to re-file the charge in the future. The Court has not found, and neither party cites, a Ninth Circuit case directly on point that resolves this issue. However, several other circuits have addressed the issue and interpret § 3161(d)(1) in a manner that supports the Government's contention.

---

[2] Because a §1326 "found in" charge is a continuing offense, the offense charged in the July 20, 2004 indictment (alleged a "found in" date of July 2, 2004) and the complaint in 08MJ3525-NLS (alleging a "found in" date of November 12, 2007) are considered the same offense until the Government can prove that Defendant had been outside the United States at some point between the two dates. *See United States v. Meza-Villarello*, 602 F.2d 209 (9th Cir. 1979).

[3] The Government states it filed the additional §1326 charge as a separate offense after obtaining evidence that Defendant had left the United States between July 4, 2004 and July 7, 2007.

For example, the Second Circuit holds that "[i]f charges are dismissed before expiration of the thirty-day filing period, there is no bar to their being resurrected in a new complaint or indictment." *United States v. Gaskin*, 364 F.3d 438, 451 (2d. Cir. 2004) (explaining § 3161(d)(1) resets the speedy trial clock "if, after a complaint charge is dismissed against a defendant, the defendant is recharged with the same offense in a new complaint or indictment"). The D.C. Circuit holds that "the correct interpretation of section 3161(d)(1) is that after the dismissal of a complaint, the Act's time limits run anew from the date of the filing of the subsequent complaint or indictment." *United States v. Bittle*, 699 F.2d 1201, 1205 (D.C. Cir. 1983).

The D.C. Circuit explained the rationale for its interpretation of section 3161(d)(1) as follows:

> [Section §3161(d)(1)] can be read to require that indictments filed after the dismissal of initial charges must be returned within thirty days of the original arrest. This interpretation, however, must be incorrect. First, such an interpretation makes section 3161(d)(1) mere surplusage because section 3161(b) already performs that function (if one disregards the actual meaning of section 3161(d)(1)). Second, this interpretation renders the Speedy Trial Act inconsistent with traditional speedy trial guarantees, which focus on pending criminal proceedings. . . . Third, this interpretation contradicts the legislative history of the Speedy Trial Act.[4]

*Bittle*, 699 F.2d at 1205. *See also United States v. Puett*, 735 F.2d 1331, 1334 (11th Cir. 1984) ("The better construction of section 3161(d)(1) is that after the dismissal of the complaint, the Act's time limits run anew from the date of filing of the subsequent

---

[4] The legislative history of § 3161(d)(1) states: "To require a prosecutor to conform to indictment and trial time limits which were set by the filing of the original complaint in order to reopen a case on the basis of new evidence would be an insurmountable burden. Thus, when subsequent complaints are brought, the time limits will begin to run from the date of the filing of the subsequent complaint." S.Rep. No. 93-1021, 93d Cong., 2d Sess. 33 (1974).

11

complaint or indictment.").

The Court finds this line of cases persuasive and adopts their reasoning. Accordingly, the Court holds the Government's filing of Count Three of the Second Superceding Indictment did not violate the Speedy Trial Act. *United States v. Palomba*, 31 F.3d 1456 (9th Cir. 1994) does not compel a different result. As the Government points out, *Palomba* did not deal with the *dismissal* of a complaint. *See Palomba*. 31 F.3d at 1463-65 (holding the government could not resurrect mail fraud charges that had been *included* in the initial complaint, *dropped* in the initial indictment, and then *brought back* three months later in the superceding indictment).

Therefore, Defendant's motion to dismiss Count Three of the Second Superceding Indictment is **DENIED**.

C. Defendant's Motion to Dismiss the First and Second Superceding Indictments

Defendant moves to dismiss the First and Second Superceding Indictments on two grounds. First, he argues the First and Second Superceding Indictments violated the Speedy Trial Act because they were not returned within 30 days of his arraignment on the original Indictment. Defendant's argument fails. The filing of the First Superseding Indictment did not violate the Speedy Trial Act because it did not include any additional charges, it merely included additional factual allegations to conform the § 1326 charge with intervening changes in the law. *See e.g., United States v. Carrasco*, 257 F.3d 1045, 1052 (finding no Speedy Trial Act violation where the superseding indictment reasserted the same charge but added factual allegations that were not contained in the previous indictment). The Second Superceding Indictment is identical to the First, except for the addition of Count Three. For the reasons discussed above, Count Three was properly filed. Therefore, the filing of the Second Superceding Indictment did not violate the Speedy Trial Act.[5]

---

[5] In his motion, Defendant moves to dismiss the *Third* Superceding Indictment. However, a *Third* Superceding Indictment has not been filed in this case.

12

Second, Defendant argues the Superceding Indictments violated his right to presentment under the Fifth Amendment. Defendant claims that (1) there is no indication that the grand jury "was charged with the legal meaning of the word 'removal' . . . as opposed to being simply removed from the United States in a colloquial sense;" and (2) that the Government "may at trial rely on a deportation that was never presented to, or considered by, the grand jury." Defendant's assertions are based on speculation and are insufficient to establish any Fifth Amendment violation. For one, the Constitution does not impose a requirement that grand jurors receive legal instructions. *United States v. Kenny*, 645 F.2d 1323, 1347 (9th Cir. 1981). Moreover, a defendant challenging an indictment carries a difficult burden and must demonstrate that the prosecutor engaged in flagrant misconduct that deceived the grand jury or significantly impaired its ability to exercise independent judgment. *See United States v. Al Mudarris*, 695 F.2d 1182, 1186 (9th Cir. 1983); *United States v. Thompson*, 576 F.2d 784, 786 (9th Cir. 1978). Defendant has failed to meet his burden here.

Therefore, Defendant's motion to dismiss the First and Second Superceding Indictments is **DENIED**.

### D. Defendant's Motion to Produce Grand Jury Transcripts for Presentment Challenge

Defendant moves for production of all grand jury transcripts in this case. Defendant has failed to demonstrate a particularized need sufficient to outweigh the policy of grand jury secrecy. *United States v. Walczak*, 783 F.2d 852, 857 (9th Cir. 1986); *United States v. Ferreboeuf,* 632 F.2d 832, 835 (9th Cir. 1980) ("'[U]nsubstantiated, speculative assertions of improprieties in the proceedings' do not supply the 'particular need' required to outweigh the policy of grand jury secrecy."). Accordingly, Defendant's motion to produce Grand Jury transcripts is **DENIED**.

## III. Conclusion.

For the reasons set forth above, the Court finds that there has been no violation of Defendant's speedy trial rights. Accordingly, Defendant's motions to: Dismiss the

Indictment for Violation of Sixth Amendment Right to a Speedy Trial; Dismiss Count Three of the Second Superceding Indictment for Violation of the Speedy Trial Act; Dismiss the First and Second Indictments for Violation of the Speedy Trial Act; and Produce Grand Jury Transcripts for Presentment Challenge, are **DENIED**.

**IT IS SO ORDERED.**

DATED: December 17, 2009

                                            M. James Lorenz
                                            United States District Court Judge